JULES KIEVITS, ESQ., SBN 57493
1211 FOURTH STREET, SUITE 200
SANTA MONICA, CA 90401
PHONE: (310)451-8678
FAX: (310)451-4698

Attorney for Defendant
Fresenbet-Azmach, Inc.


CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff


Ronald Richards SBN 176246
Law Offices of Ronald Richards &
Associates, APC
Morani Stelmach SBN 296670
P.O Box 11480
Beverly Hills, CA 90213
Email: ron@ronaldrichards.com
Tel: 310-556-1001
Fax: 310-277-3325

Attorneys for Defendant,
FN Property Investments, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay**, | Case No. 2:17-cv-02653-GW-RAO |
| Plaintiff, | **Amended Joint Report (Rule 26) for Scheduling Conference** |
| v. | |
| **FN Property Investments, LLC**, a California Limited Liability Company; **Fresenbet-Azmach, Inc**., a California Corporation; and Does 1-10, | Date: August 3, 2017<br>Time: 8:30 a. m. |
| Defendants. | Honorable Judge George H. Wu |

On July 21, 2017, Plaintiff Shirley Lindsay and Defendant FN Property Investments, LLC filed a Rule 26 Report pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order Setting Scheduling Conference filed June 29, 2017.

Defendant, Fresenbet-Azmach, by and through its counsel, Jules Kievits, Esq., amends that Joint Report (Rule 26) for Scheduling Conference as follows:

**I.   Brief Factual Summary of the Case and Claims Being Asserted**

<u>Plaintiff</u>: Shirley Lindsay suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility. Defendant FN Property Investments, LLC owns the real property located at or about 5770 Rodeo Road, Los Angeles, California. Defendant Fresenbet-Azmach, Inc. owns the Numero Uno Pizza restaurant ("Restaurant") located at or about 5770 Rodeo Road, Los Angeles, California.

/////
/////

The parking stalls and access aisles for use by persons with disabilities are not level with each other because of the rain gutters that cut through the parking spaces and access aisles. There are slopes greater than 18% in these parking spaces. This parking lot, and the configuration and location of the parking spaces reserved for persons with disabilities, are inaccessible to plaintiff. On information and belief, Defendants used to have accessible parking spaces. Unfortunately, the defendants moved the parking spaces from those locations to their current location, which is simply not accessible to Plaintiff.

The defendant's failure to provide for compliant accessible parking space and level parking at the Restaurant is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, she seeks injunctive relief and statutory minimum damage award.

<u>Defendant FN Property</u>: Defendant denies each and every allegation in the complaint. The paths of travel at the Restaurant, including the parking lot, parking stalls, are accessible to everyone, including persons with disabilities.

Defendant's cross-claim against Defendant Fresenbet-Azmach alleges the lease entered between these parties dated 1-20-11 and amended 1-6-14 requires Defendant Fresenbet-Azmach to indemnify and hold Defendant FN Property harmless. It also requires compliance with ADA warranties and representations at Lessee's expense.

<u>Defendant Fresenbet-Azmach</u>:  Defendant admits that certain aspects of the parking stalls and access aisles were not ADA compliant and Defendant, Fresenbet-Azmach, Inc. has completed much or all of the corrective work necessary at their expense.

Defendant denies they are required to indemnify Defendant, FN Property Investments, LLC and hold it harmless.

## II. Complexity

This case is not complex. There is no need for reference to the procedures set forth in the Manual on Complex Litigation.

## III. Motions Schedule

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the American with Disabilities Act. This will occur after the necessary depositions are taken in this case. Plaintiff also intends to conduct an expert led site inspection to identify each barrier that would affect her type of disability and, then, amend the complaint to ensure that the ADA claim reflects her intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

<u>Defendant FN Property</u>: Defendant anticipates filing a motion for summary judgment or partial summary judgment. Defendant will oppose any motion Plaintiff files.

<u>Defendant Fresenbet-Azmach</u>: Defendant will oppose any motion filed by Plaintiff or Defendant, FN Property Investments, LLC.

## IV. Settlement

The parties believe that settlement is likely in this case. The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

## V. Trial Estimate

The parties anticipate a 2-3 day trial. The parties propose that the Final Pretrial Conference be set for September 24, 2018 and the Trial date be set for October 9, 2018.

**VI.	Additional Parties**

<u>Plaintiff</u>: does not anticipate joining any additional parties.

<u>Defendant FN Property</u>:

<u>Defendant Fresenbet-Azmach</u>:

**VII.	Expert Witnesses**

The parties do not propose any changes to the timing requirements found under Rule 26(a)(2)(D)&(E) of the Federal Rules of Civil Procedure for the disclosure of expert witnesses.

**RULE 26 DISCOVERY PLAN**

**A.	Initial Disclosures**

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. The parties consent to exchange Initial Disclosures via email by July 31, 2017.

**B.	Discovery**

<u>Plaintiff</u>: will seek discovery related to: (1) ownership and operation of the business; (2) lack of accessible parking space and level parking at the Restaurant; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. The plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendant FN Property</u>: intends to conduct discovery on the following topics through written discovery and the deposition of plaintiff: (i) Plaintiff's alleged disability; (ii) Plaintiff's visit to the Restaurant and the dates alleged in her complaint; (iii) the circumstances surrounding Plaintiff's use of the Restaurant's parking lot, parking stalls, and other paths of travel, such as the sidewalk; (iv) the circumstances surrounding Plaintiff's alleged inability to fully and equally access

the Restaurant or the goods and services provided by Defendants; (v)Plaintiff's witnesses; (vi) third-party witnesses, including property managers, Restaurant managers; (vii) Plaintiff's alleged damages.

Defendant Fresenbet-Azmach: intends to conduct discovery on the following issues through written discovery and possibly the deposition of plaintiff: (i) Plaintiff's alleged disability; (ii) Plaintiff's visit to the Restaurant and the dates alleged in her complaint; and (iii) the circumstances surrounding Plaintiff's use of the Restaurant's parking lot, parking stalls, and other paths of travel.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The parties propose a discovery cutoff date of July 16, 2018.

**C. Electronic Discovery**

Plaintiff: hereby requests that, as part of initial disclosures, Defendant produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

Defendant FN Property: does not anticipate any issues arising regarding the discovery or discovery of electronically stored information at this time.

Defendant Fresenbet-Azmach: does not anticipate any issues arising regarding the discovery or discovery of electronically stored information at this time.

**D. Privilege Issues**

The parties do not see any issues regarding privilege in this case.

**E. Changes to Discovery Rules**

Plaintiff: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for all parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendant FN Property</u>: agrees to Plaintiff's request that rule FRCP 33(a)(1) limits be increased to 45 for all parties. Defendant otherwise requests no deviation from the Federal and Local Rules.

<u>Defendant Fresenbet-Azmach</u>: agrees to Plaintiff's request that rule FRCP 33(a)(1) limits be increased to 45 for all parties. Defendant otherwise requests no deviation from the Federal and Local Rules.

**F.     Other Orders**

The parties do not propose that the Court issue any other orders under Rules 16(b), 16(c) or 26(c) of the Federal Rules of Civil Procedure. The parties propose the following case management dates:

| Matter | Date |
| --- | --- |
| Last day to Amend Pleadings or Add Parties | 4/16/2018 |
| Initial Expert Disclosure | 6/4/2018 |
| Rebuttal Expert Disclosure | 7/2/2018 |
| Discovery Cut Off Date (including experts) | 7/16/2018 |
| Last day to conduct settlement conference | 7/30/2018 |
| Pretrial Conference | 9/24/2018 |
| Trial | 10/9/2018 |

Dated: July 26, 2017                    JULES KIEVITS, ATTORNEY AT LAW

By:  */s/Jules Kievits*
Jules Kievits, Esq.
Attorney for Defendant
Fresenbet-Azmach, Inc.

Dated: July 26, 2017                    CENTER FOR DISABILITY ACCESS

By:  */s/Dennis Price*
Dennis Price
Attorneys for Plaintiff

Dated: July 25, 2017                    LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC

By:  */s/Ronald Richards*
Ronald Richards
Attorney for Defendant
FN Property Investments, LLC

8

## SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized filing of this document with the use of their electronic signature.

Dated: July 26, 2017           JULES KIEVITS, ATTORNEY AT LAW

                                          By: ___/s/Jules Kievits___
                                          Jules Kievits, Esq.
                                          Attorney for Defendant
                                          Fresenbet-Azmach, Inc.