CENTER FOR DISABILITY ACCESS
MARK D. POTTER, ESQ., SBN 166317
PHYL GRACE, ESQ., SBN 171771
Elliott Montgomery, SBN 279451
<u>Mail</u>: P.O. Box 262490
San Diego, CA 92196-2490
<u>Deliveries</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385
Fax: (888) 422-5191
ElliottM@potterhandy.com

Attorney for Plaintiff SHIRLEY LINDSAY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SHIRLEY LINDSAY,

        Plaintiff,

  v.

FN PROPERTY INVESTMENTS, LLC, a California Limited Liability Company; FRESENBET-AZMACH, INC., a California Corporation; and Does 1-10,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:17-CV-02653 GW(RAOX)

**Plaintiff's Memorandum of Points and Authorities in Support of Motion:**

**(1) Compelling Set One Responses to Requests for the Production of Documents;**
**(2) Compelling Set One Responses to Interrogatories;**
**(3) Seeking Rule 37 Sanctions.**

**Date:** November 1, 2017
**Time:** 10:00 a.m.
**Courtroom:** F
**Magistrate Judge:** Hon. Rozella A. Oliver

**Discovery cut-off:** November 9, 2017
**Pre-trial conference:** February 8, 2018
**Trial:** February 20, 2018

# I. RELEVANT FACTS

Plaintiff is a California resident with physical disabilities. *Complaint* at ¶1. She suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility. *Ibid*. Defendant Fresenbet-Azmach, Inc is the owner/operator of the property which is the subject of this lawsuit. *Id*. at ¶5-8. Plaintiff visited the subject property in July of 2015, July of 2016, and February of 2017, and was denied access by virtue of the inaccessible conditions she encountered. *Id*. at ¶¶ 13-24.

On August 11, 2017, Plaintiff mail-served Set One discovery upon Defendant Fresenbet-Azmach, Inc, including Requests for Production of Documents and Requests for Interrogatories. *Declaration of Elliott Montgomery* (hereinafter "*Montgomery Dec*.") at ¶2; Exhibit 1 attached thereto. Per applicable rules, responses were due to be served on or before September 20, 2017. *Id*. at ¶4.

## A.    Attempts at a Meet and Confer

As required by the Federal Rules of Civil Procedure 37(a)(1) and Central District Local Rules rule 37-1, Plaintiff has made efforts to meet and confer with Defendants. On September 21, 2017, Plaintiff's counsel sent a letter and an email to Defense Counsel in an attempt to meet and confer. *Montgomery Dec*. ¶5; *Exhibit* 2. In this letter, Plaintiff requested that Defense Counsel either serve responses to Set One Requests for Production of Documents and Interrogatories immediately or provide a convenient time to meet and confer telephonically so that the parties might have a conference of counsel. *Ibid*.

As of this date, Defendants have not responded to plaintiff's email or letter; Defendants have not sent responses to discovery, nor has Defendants responded with a date/time for a telephonic conference of counsel.  Plaintiff has received no response to his meet and confer attempt. *Id*. at ¶7

**B.**    <u>No Joint Stipulation required</u>

Applicable Local Rules require the moving and non-moving parties to confer in good faith ahead of a discovery motion and in an effort to resolve the underlying dispute. Should the parties be unable to reach an agreement after the meet and confer, they are to prepare a Joint Stipulation regarding the discovery dispute However, Local Rule 37-2.4 waives this requirement where there is a "… declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with Local Rule 37-1…."

Here, Plaintiff sent a letter outlining the specific discovery issue and the preferred solution. Further, Plaintiff's extended an invitation to telephonically meet and confer at a time of Defendant's choosing. See *Montgomery Dec.* ¶5; *Exhibit* 2. Plaintiff was willing to make all arrangements to discuss the discovery dispute had Defendants only provided their availability, per Local Rules. However, to date, Plaintiff has received neither responses to discovery nor a response to the meet and confer letter. *Id*. at ¶7.Under these circumstances— where opposing counsel has failed to confer in a timely manner in accordance with Local Rule 37-1—there is no requirement placed upon Plaintiff to provide a Joint Stipulation.

## II. LEGAL ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) provides that:
[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. (26)(b)(1), 28 U.S.C. (West 1999).

**A.    Defendants Should be Compelled to Provide Set One Interrogatory Responses**

Federal Rules of Civil Procedure rule 33(b)(5) provides that "[t]he party submitting the interrogatories may move for an order... with respect to [a] failure to answer an interrogatory." *Fed. R. Civ. P.* 33(b)(5). Plaintiff's contention as to all of the Interrogatories in dispute is the same: A party may properly respond to an interrogatory either with a full narrative response under oath from the party, with valid written objections from the party's counsel, or, in certain situations, by production business records. *Fed. R. Civ. P.* 33(b)(3), 33(b)(4), and 33(d). When a party does not timely respond, all objections are waived under Fed. R. Civ. P. rule 33(b)(4).

Here, Defendants have failed to respond entirely to Plaintiff's Set One Interrogatories and continues to refuse to do so. Thus, Plaintiff requests that this Court issue an Order compelling Defendants to respond to these Interrogatories without objection.

**B.    Defendants Should be Compelled to Provide Set One Responses to Requests for the Production of Documents.**

When a party fails to respond to an inspection demand propounded under Rule 34, the propounding party's remedy is to seek an order compelling a response. *Fed. R. Civ. P.* 37(a)(3)(iv). Further, a party who fails to respond to a request for production waives all of their objections thereto. See *Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F2d 1468, 1473. Here, Defendants have entirely failed to serve written responses to Plaintiff's Set One Requests for Production of Documents or to make documents available for inspection and copying. Thus, Plaintiff requests that this Court issue an Order compelling Defendants to respond to these Requests without objection.

### III. MOTION FOR SANCTIONS

If a motion to compel is granted, the "court *must*...require the party or deponent whose conduct necessitated the motion...to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Fed. R. Civ. P.* 37(a)(5)(A)(emphasis added). Sanctions

are also appropriate where a party fails to serve answers to interrogatories or respond to a request for inspection. *Fed. R. Civ. P.* 37(d)(1)(A)(ii). Similarly, Courts have found that failure to provide answers to interrogatories is an appropriate ground for sanctions. See *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, (2nd Cir. 1990) (district court properly exercised its discretion in imposing Rule 37 sanctions for failure to answer interrogatories).

Here, Defendants have failed to respond to Set One Interrogatories and Requests for Production of Documents in their entirety. As of this date, the responses are twelve days overdue, during which time Plaintiff diligently attempted to meet and confer so that a motion would be unnecessary. However, Plaintiff has not received any responses whatsoever from the Defendants. Thus, this Court should grant Plaintiff's Motion to compel. And, if the Court grants Plaintiff's Motion, Plaintiff also requests that sanctions be imposed on Defendants in the amount of $1600. See *Montgomery Dec.* ¶¶ 8 & 9.

## IV. FINAL STATEMENT AND REQUESTED RELIEF

Despite having considerable time to do so, Defendants have flouted Rules 33 and 34 by completely failing to provide Plaintiff with basic discovery regarding the claims and defenses asserted in this case, and without any communication with plaintiff's counsel whatsoever. Moreover, Defendants have done so in the face of Plaintiff's good-faith attempts to resolve this dispute informally. Accordingly, Plaintiff requests that Defendants be ordered to respond in full to Set One Interrogatories and Requests for Production and pay the requested sanctions.

Dated: October 2, 2017               CENTER FOR DISABILITY ACCESS


                                     By:   /s/ Elliott Montgomery

                                     Elliott Montgomery, Esq.

                                     Attorneys for Plaintiff