# PROOF OF SERVICE
## Lindsay V. FN Property Investments
### 2:17-CV-02653 GW(RAOX)

I, the undersigned, am over the age of eighteen years and am resident of San Diego County, California; I am not a party to the above-entitled action; my business address is 9845 Erma Road, Suite 300, San Diego, CA 92131.

On August 11, 2017 I served the following document(s):

**INTERROGATORIES PROPOUNDED BY PLAINTIFF; REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF; REQUESTS FOR ADMISSIONS PROPOUNDED BY PLAINTIFF; SET ONE; FOR DEFENDANTS: FN PROPERTY INVESTMENTS AND FRESENBET-AZMACH, INC.**

Addressed to:

| Jules Kievits, Esq., 1211 Fourth Street, Suite 200 Santa Monica, CA 90401 | Ronald Richards & Morani Stelmach Law Offices of Ronald Richards & Associates, APC P.O Box 11480 Beverly Hills, CA 90213 |
|---|---|

☑ <u>BY MAIL:</u> I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

☐ <u>BY FACSIMILE:</u> In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

☐ <u>BY OVERNITE EXPRESS:</u> I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Diego, California.

☐ <u>BY PERSONAL SERVICE:</u> I caused said documents to be personally served on all listed recipients via Diversified Legal Services.

☑ <u>BY ELECTRONIC MAIL TRANSMISSION:</u> via email. I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

Executed on August 11, 2017, from San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Edwin Rodriguez

PROOF OF SERVICE

CENTER FOR DISABILITY ACCESS
MARK D. POTTER, ESQ., SBN 166317
PHYL GRACE, ESQ., SBN 171771
<u>Mail</u>: P.O. Box 262490
San Diego, CA 92196-2490
<u>Deliveries</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385
Fax: (888) 422-5191
phylg@potterhandy.com

Attorney for Plaintiff SHIRLEY LINDSAY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY LINDSAY,<br><br>    Plaintiff,<br><br>v.<br><br>FN PROPERTY INVESTMENTS, LLC, a California Limited Liability Company; FRESENBET-AZMACH, INC., a California Corporation: and Does 1-10.<br><br>    Defendants. | Case No.: 2:17-CV-02653 GW(RAOX<br><br>**REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF**<br><br>SET ONE |

PROPOUNDING PARTY:   Plaintiff:   SHIRLEY LINDSAY

RESPONDING PARTY:    Defendant:  FRESENBET-AZMACH, INC.

SET ONE

    Pursuant to the provisions of Federal Rule of Civil Procedure 34, Propounding Party hereby requests that Responding Party produce and send via first class mail the documents and other tangible things described herein for inspection and copying by Propounding Party's attorney on or before thirty (30) days from the receipt, at the offices of Propounding Party's

counsel, Center for Disability Access, LLP, located at, located at 9845 Erma Road, Suite 300, San Diego, California or as may otherwise be agreed to by counsel for all parties in writing prior to said date.

Responding party can mail original documents or, at their own copying cost, legible copies of the original documents. If responding party chooses to mail the original copies, the propounding party will send them back within three (3) working days.

## II. **GENERAL INSTRUCTIONS**

1.  As used in this Request, "YOU" or "YOUR" means Responding Party, any past and present agents, any past and any present employees, any past and present representatives, any past and present insurance companies and their agents and employees, any past and present attorneys and their agents and employees, any past and present accountants and their agents and employees, any past and present investigators and their agents and employees, and anyone else acting or who has ever acted on YOUR behalf.  The use of the term "YOUR" shall RELATE TO "YOU."

2.  As used in this Request, the terms "RELATE TO" or "RELATING TO" mean, by way of example and without limitation, demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, or concerns all or any portion of the matters, facts, and contentions specified in the Request.

3.  This Request covers all documents in YOUR possession, or subject to YOUR custody or control, whether such documents are held by YOU or by YOUR agents, employees, investigators, attorneys, or accountants, and whether such documents are located in YOUR principal office, or any other office or storage place maintained, utilized, operated, owned, or controlled by YOU.

4.  As used in this Request, the terms "DOCUMENT," "DOCUMENTS," "WRITING," and "WRITINGS" mean, by way of example and without limitation, the following items, either permanently recorded or reproduced by any mechanical process or written or

produced by hand: agreements, contracts, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries and records of telephone conversation, summaries and records of personal conversations and interviews, diaries, calendars, notes, notices, invoices, graphs, reports, notebooks, note charts, plans drawings, sketches, maps, summaries and records of meetings and conferences, summaries and reports of investigations and negotiations, summaries and reports of consultants, photographs, motion picture film, microfilm, video tape, tape recordings, brochures, pamphlets, advertising, circulations, press releases, drafts, letters, computer files or memory devices of any kind (including hard drives, software, CD-ROM, RAM, ROM, tape drives, and floppy disks), any marginal comments appearing on any DOCUMENTS, and any other original and duplicative "writings," "recordings," or "photographs" as defined by Fed. R. Evid. 1001 relevant to the Requests set forth below.

5. For any DOCUMENT which YOU claim is protected against disclosure as "work product" or "privileged," please provide the following information:

   a. A description of the DOCUMENT sufficiently particular to identify it and enable Plaintiff to identify it, and to disclose or produce it in response to an order of the above-entitled Court;

   b. Its author or a list of all persons who participated in the preparation of the DOCUMENT;

   c. Its date;

   d. All addresses or recipients (including the identity of all persons who have received a copy);

   e. The identity of all persons who now have or have ever had possession, custody or control of the original or any copy of such DOCUMENT, or to whom the contents of the DOCUMENT have been disclosed;

   f. Its subject matter; and

   g. The basis on which the privilege is claimed.

6. For purposes of this Request, whenever necessary to ensure completeness or

accuracy of words importing the masculine gender include the feminine and/or neuter, words importing neuter gender include the masculine and feminine, and words importing singular include the plural.

    7.    File folders with tabs or labels identifying DOCUMENTS must be produced intact with the DOCUMENTS.

    8.    DOCUMENTS attached to each other should not be separated.

    9.    Selection of DOCUMENTS from files and other sources shall be performed in a manner sufficient to ensure that the source of each DOCUMENT may be determined, if necessary.

    10.    YOUR written response hereto should indicate the identity of DOCUMENTS YOU are producing responsive to each request by Bates-stamp number or other means of specific identification.

    11.    Unless otherwise indicated in an individual request, the relevant time period shall be January 1, 1992 to the date of this Request.

    12.    ACCESSIBILITY ISSUES shall mean any item that relates to the design, layout, configuration or physical element of the facilities that impedes in any way the use of the facilities by a person with a disability.

    13.    FINANCIAL WHEREWITHAL shall mean your financial net worth, cash flow, liabilities and so forth with an eye towards your ability to expend funds on making the SUBJECT PROPERTY more accessible to persons with disabilities.

    14.    SUBJECT PROPERTY shall mean the Numero Uno Pizza restaurant located at or about 5770 Rodeo Road, Los Angeles, California, including the land, parking lot, and buildings.

    15.    DATE OF INCIDENT shall mean in July 2015, July 2016, and February 2017.

    16.    ACCESSIBLE shall mean compliant with the Americans with Disabilities Act Accessibility Guidelines.

    17.    VAN ACCESSIBLE PARKING SPACE shall mean a striped and reserved handicap parking space that has a separate access aisle measuring 96 inches in width.

### III. SPECIFIC REQUESTS

That defendants produce and permit plaintiff to inspect and to copy each of the following documents:

1. DOCUMENTS identified in response to Interrogatories Set One propounded herewith.

2. Any DOCUMENTS explaining, detailing or referencing physical changes to the SUBJECT PROPERTY from July 1, 1970 to the present.

3. All DOCUMENTS establishing ownership, lessor rights and obligations, lessee rights and obligations, or operating agreements related to the SUBJECT PROPERTY.

4. All DOCUMENTS that exhibit copies of the front and back of rent or lease payments made or received within the last five years for the SUBJECT PROPERTY.

5. Any DOCUMENTS that relate to ACCESSIBILITY ISSUES at the SUBJECT PROPERTY.

6. Any DOCUMENTS identifying or related to ACCESSIBLE parking spaces in the parking lot serving the SUBJECT PROPERTY.

7. Any DOCUMENTS identifying or related to VAN ACCESSIBLE PARKING SPACES with eight foot access aisles on the passenger side of the vehicle in the parking lot serving the SUBJECT PROPERTY.

8. All blueprints, structural or architectural plans, and any supporting DOCUMENTS, for any and all alterations made to SUBJECT PROPERTY.

9. Any hardship waivers or other DOCUMENTS signed or stamped by State or City officials relating to accessibility issues at the SUBJECT PROPERTY.

10. DOCUMENTS that establish YOUR FINANCIAL WHEREWITHAL.

Dated: August 9, 2017           CENTER FOR DISABILITY ACCESS

By: __/s/ Elliott Montgomery__

Elliott Montgomery, Esq.

Attorneys for Plaintiff

| | |
|---|---|
| 1 | CENTER FOR DISABILITY ACCESS |
| 2 | MARK D. POTTER, ESQ., SBN 166317 |
|   | PHYL GRACE, ESQ., SBN 171771 |
| 3 | Mail: P.O. Box 262490 |
| 4 | San Diego, CA 92196-2490 |
|   | Deliveries: 9845 Erma Road, Suite 300 |
| 5 | San Diego, CA 92131 |
| 6 | Phone: (858) 375-7385 |
|   | Fax: (888) 422-5191 |
| 7 | phylg@potterhandy.com |

Attorney for Plaintiff SHIRLEY LINDSAY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHIRLEY LINDSAY, | ) | Case No.: 2:17-CV-02653 GW(RAOX |
| Plaintiff, | ) | |
| v. | ) | **INTERROGATORIES PROPOUNDED BY PLAINTIFF** |
| FN PROPERTY INVESTMENTS, LLC, a California Limited Liability Company; FRESENBET-AZMACH, INC., a California Corporation; and Does 1-10, | ) | SET ONE |
| Defendants. | ) | |

PROPOUNDING PARTY:    Plaintiff:    SHIRLEY LINDSAY

RESPONDING PARTY:    Defendant:    FRESENBET-AZMACH, INC.

SET ONE

    Plaintiff requests that pursuant to Federal Rule 33 of Civil Procedure each of the

attached interrogatories be answered fully, separately, in writing, and under oath by Responding Party within thirty (30) days from the date of service hereof.

## INSTRUCTIONS

In answering these interrogatories, you are required to furnish information not only within your own knowledge or obtainable by you, but any information or knowledge in the possession of or obtainable by your attorneys, investigators, representatives, agents, or anyone acting on your behalf or their behalf.

If you are unable to answer the question in full after exercising due diligence to secure the information to do so, answer as completely as possible and then explain the reason you are unable to answer more fully, and state the name, address (business and residence), and telephone number (business and residence) of any person or persons able to supply the information.

If you determine that any question is not applicable, and consequently deserves no answer, state in detail why it is not applicable.

## DEFINITIONS

The following definitions shall apply to these specially prepared interrogatories:

1. The term "YOU" or "YOUR" refers to you, your agents, employees, investigators or anyone acting in your behalf.

2. The term "DOCUMENT(s)" shall mean all writings as defined by Fed. R. Evidence 1001, including any handwriting, typewriting, printing, photostatting, photographing, and every other means of recording upon any tangible thing of any form or any form of communication or representation, including letters, telegrams, teletype messages, notes of telephone conversations, telephone messages, reports, memoranda of notes of meetings and conferences, business records, papers, contracts, memoranda, correspondence, notes, photographs, drawings, recording tapes, recording discs, microfilm, microfiche, computer memory devices, any mechanical or electronic

information storage or recording devices of instruments, and all other things which are tangible. If a "document" has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever, including, without limitation, notes or modifications on the backs of pages or margins thereof, or on copies thereof), each non-identical copy is a separate "document."

3. The term "IDENTIFY" as used herein in reference to a document means identify by (a) the type of document; (b) creation date of said document; (c) the author, addresser, and/or addressee: and (d) relationship to the Responding Party.

4. The term "IDENTIFY" as used herein in reference to a "fact" means to state a description of the fact and foundational background and/or a description of the evidence of the fact.

5. "BARRIER" as used herein means any architectural condition that does not comply with the requirements of Title 24 of the California Code of Regulations or 28 CFR Part 36, Appendix "A."

6. "ACCESSIBLE" shall mean complying with the Americans With Disabilities Act Accessibility Standards found at 28 C.F.R., Part 36, Appendix "A".

7. "READILY ACHIEVABLE" shall mean easily accomplishable and able to be carried out without much difficulty or expense and is intended to mirror the definition given at 42 U.S.C. § 12181(9).

8. "PERSONS" shall mean both individuals and entities.

9. "REAL PROPERTY INTEREST" shall encompass owning, leasing or renting.

10. "ESTABLISHING DOCUMENTS" shall mean the documents that create, modify, amend, supplement or describe.

11. "ALTERATIONS" shall mean alteration, structural repair or addition that goes beyond routine maintenance and upkeep.

12. "ADA IMPROVEMENTS" shall mean alterations, changes, modifications, additions or any other work done for the purpose of or having the result of improving

access to persons with disabilities or complying with access laws.

13. "FINANCIAL WHEREWITHAL" shall mean your financial net worth, cash flow, liabilities and so forth with an eye towards your ability to expend funds on making the SUBJECT PROPERTY more accessible to persons with disabilities.

14. "WITNESSED" means either saw the plaintiff, heard the plaintiff, or talked to the plaintiff.

15. "ADA TRAINED PROFESSIONAL" shall mean a person or entity with specific knowledge, experience or training in assessing Americans with Disabilities Act violations, access issues or compliance problems.

16. "SUBJECT PROPERTY" shall mean the Numero Uno Pizza restaurant located at or about 5770 Rodeo Road, Los Angeles, California, including the land, parking lot and buildings.

17. "DATE OF INCIDENT" shall mean in July 2015, July 2016, and February 2017.

18. "VAN ACCESSIBLE PARKING SPACE" shall mean a striped and reserved handicap parking space that has a separate access aisle measuring 96 inches in width.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For the SUBJECT PROPERTY, over the last seven years, please IDENTIFY all PERSONS who have a REAL PROPERTY INTEREST by stating their names and respective interest.

**INTERROGATORY NO. 2:**

Please IDENTIFY any and all ALTERATIONS made subsequent to July 1, 1970 on the SUBJECT PROPERTY by stating the nature and date of the ALTERATION.

**INTERROGATORY NO. 3:**

Please IDENTIFY all ESTABLISHING DOCUMENTS for YOUR REAL PROPERTY

INTERESTS in the SUBJECT PROPERTY within the last five years.

**INTERROGATORY NO. 4:**

Please IDENTIFY all documents that relate to the FINANCIAL WHEREWITHAL of the SUBJECT PROPERTY within the last six years including, but not limited to, financial audits, balance sheets, bank statements, income and expense sheets, rent receipts, property ownership documents, and business loan documents.

**INTERROGATORY NO. 5:**

Please IDENTIFY all individuals and entities, including third parties, that may have information relevant to any claims or defenses in this matter.

**INTERROGATORY NO. 6:**

Please IDENTIFY every examination of the SUBJECT PROPERTY by an ADA TRAINED PROFESSIONAL of which YOU are aware, by stating the name of the examiner and the date of the examination.

**INTERROGATORY NO. 7:**

Since the date that YOU were notified of this lawsuit, please IDENTIFY all steps YOU have taken to ensure that the SUBJECT PROPERTY complies with the Americans with Disabilities Act.

**INTERROGATORY NO. 8:**

Please IDENTIFY any lawsuit involving the Americans with Disabilities Act or the Unruh Civil Rights Act in which YOU were a party by stating the case name, number, and court.

**INTERROGATORY NO. 9:**

If YOU contend that providing ACCESSIBLE parking spaces in the parking lot serving the SUBJECT PROPERTY is not READILY ACHIEVABLE, please IDENTIFY all facts upon which YOU base this contention.

**INTERROGATORY NO.10:**

If YOU contend that providing ACCESSIBLE parking spaces in the parking lot serving the SUBJECT PROPERTY, would fundamentally alter the nature of the goods, services, facilities or accommodations of that business, please IDENTIFY all facts upon which YOU base this contention.

**INTERROGATORY NO. 11:**

If YOU contend that providing VAN ACCESSIBLE PARKING SPACES with eight foot access aisles on the passenger side of the vehicle in the parking lot serving the SUBJECT PROPERTY is not READILY ACHIEVABLE, please IDENTIFY all facts upon which YOU base this contention.

//
//
//
//
//
//
//
//
//
//

**INTERROGATORY NO.12:**

If YOU contend that providing a VAN ACCESSIBLE PARKING SPACE with an eight foot access aisle on the passenger side of the vehicle in the parking lot serving the SUBJECT PROPERTY would fundamentally alter the nature of the goods, services, facilities or accommodations of your business, please IDENTIFY all facts upon which YOU base this contention.

Dated: August 9, 2017                              CENTER FOR DISABILITY ACCESS

                                                   By: __/s/ Elliott Montgomery__
                                                   Elliott Montgomery, Esq.
                                                   Attorneys for Plaintiff